IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leslie Smith, | : | Civil Action |
| Plaintiff | : | |
| v. | : | No.: |
| United States of America, | : | |
| Defendant | : | |

**COMPLAINT-CIVIL ACTION**
**360 – Other Personal Injury**
**Federal Tort Claims Act**

Plaintiff, Leslie Smith (hereinafter referred to as "Plaintiff"), by and through her attorneys, SILVER & SILVER, now comes before this Court and complains of the United States of America as follows:

**JURISDICTION AND VENUE**

1. Plaintiff resides at 588 Barrett Avenue, Haverford, PA 19041 and is a resident of the Eastern District of Pennsylvania.

2. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of Pennsylvania.

3. Jurisdiction and venue are proper in that the court has original jurisdiction pursuant to 28 U.S.C. §1346 and 32 CFR §750.32(a), for the following reasons:

   a. Defendant is the United States of America; and

b. The negligence and accident giving rise to this litigation occurred in the Eastern District of Pennsylvania.

4. All conditions under the Federal Tort Claims Act have been met:

   a. On January 29, 2021, Plaintiff submitted an Administrative Claim for the claim set forth below to the United States Postal Service.

   b. More than six months have passed between the filing of the Administrative Claim and the filing of this lawsuit.

   c. The United States Postal Service has not yet accepted or denied liability in relation to the Administrative Claim in this matter.

## FACTUAL AVERMENTS

5. On April 9, 2019, Plaintiff was working as a receptionist in an office building, located at 2000 Market Street, Suite 600, Philadelphia, Pennsylvania.

6. Plaintiff left her desk to deliver an item to another department.

7. The walkway used by Plaintiff was clear when she left her desk.

8. Upon returning to her desk, Plaintiff tripped on a full U.S. Postal Service mail bin that had been placed on the floor, flush against the back of her desk.

9. The mail bin had been placed there by a U.S. Postal Service carrier.

10. Defendant acted by and through its duly authorized agents, servants, workmen, and/or employees, acting within the scope of their authority and employment and in the course of Defendant's purpose when the U.S. Postal Service carrier placed the mail bin in that location.

11. The mail bin was not visible from the walkway.

12. As a result of this accident, Plaintiff suffered serious and permanent injuries including but not limited to: closed fracture of multiple right ribs, lumbar radiculopathy, lumbosacral strain and sprain, abdominal wall contusion, bilateral hip strain and sprain, left ankle contusion, and bilateral knee contusions.

13. After Plaintiff was able to get up, she saw the U.S. Postal Service carrier at the elevator.

14. Plaintiff asked the postal carrier if she saw her fall and the postal carrier said "yes."

15. Plaintiff called the U.S. Postal Service and reported the accident.

16. Plaintiff was told during the call that the mail bin should not have been placed on the floor by the carrier but rather should have been placed on top of the desk.

17. At all times material hereto, Defendant owed a duty to Plaintiff to transmit the U.S. Mail in a way so as not to create unreasonably dangerous or hazardous conditions.

18. At all times material hereto, Plaintiff acted in a reasonable and prudent manner and was free from any comparative negligence.

19. At the time of the incident, Defendant breached the duty of care owed to Plaintiff during the transmission of mail.

20. At all times material hereto, Plaintiff did not assume the risk of her injuries.

21. The aforementioned incident and resulting injuries and/or damages sustained by Plaintiff resulted directly and proximately from the negligence of Defendant whose conduct consisted of, but was not limited to, the following:

    (a) Failing to utilize reasonable care in the delivery, placement, transmission of mail;

    (b) Creating a hazardous and difficult to see condition by placing a full postal bin on the floor in and about the area where Plaintiff's accident occurred;

    (c) Failing to utilize reasonable care in and about the area where Plaintiff's accident occurred so as to lessen or eliminate a hazardous condition from forming or persisting upon the premises;

    (d) Failing to take affordable and reasonable measures to ensure the postal bin did not create a hazardous condition for pedestrians such as Plaintiff;

    (e) Allowing this dangerous condition to persist while aware of the strong probability that harm may result from said condition; and,

    (f) Failing to adequately train employees to prevent hazardous conditions.

22. As a direct and proximate result of Defendant's negligence, as described above, Plaintiff sustained the injuries and damages described herein.

23. As a further direct and proximate result of Defendant's negligence, as described above, Plaintiff has suffered, and in the future, will continue to suffer pain and suffering; disfigurement; emotional distress; and loss of life's pleasures.

24. As a further direct and proximate result of Defendant's negligence, as described above, Plaintiff has been and will be in the future compelled to expend large sums of money for medical treatments, and/or liens for which Plaintiff is responsible to repay, to treat the injuries and suffering brought about as a result of the action or inaction of Defendant.

25. As a further direct and proximate result of Defendant's negligence, as described above, Plaintiff has suffered a loss of wages and earning capacity.

26. As a further direct and proximate result of Defendant's negligence, as described above, Plaintiff has incurred and will in the future incur other financial expenses or losses, which exceed or will exceed the amount which she may be otherwise entitled to recover.

## COUNT I – NEGLIGENCE
### Leslie Smith v. United States of America

27. The preceding paragraphs are incorporated by reference as if set forth fully herein.

WHEREFORE, Plaintiff Leslie Smith requests this Honorable Court enter judgment in her favor and against Defendant United States of America in an amount in excess of $75,000.00 in addition to interest, costs, and delay damages pursuant.

Respectfully submitted,

Date: November 21, 2023

By: *Joseph F. Schwartz, Esq.*
Joseph F. Schwartz, Esquire
Attorney for Plaintiff
Bar ID: 87550
SILVER & SILVER
42 W. Lancaster Ave., Third Floor
Ardmore, PA 19003
(610) 658 – 1900